MATTER OF PEREZ-LOPEZ

In Deportation Proceedings

A-14859483

*Decided by Board October 29, 1971*

Respondent, a native and citizen of the Dominican Republic, who entered the United States for permanent residence on January 25, 1967, with a waiver of the labor certification requirement as the unmarried child of a lawful permanent resident, but who had married prior to entry, is deportable as one excludable at entry for lack of a labor certification. His contention, raised during deportation proceedings, that as a qualified electrician he would have been exempt at entry (Precertification List—Schedule C) from the labor certification requirement, is rejected since the provisions of Schedule C did not become effective until February 1, 1967. Further, even if Schedule C had been in effect at entry, he would have been required to making the necessary application for a determination of eligibility, and he made no such application then or later.

CHARGE:

Order: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable at entry—no labor certification.

ON BEHALF OF RESPONDENT:
Louis A. Lebron, Esquire
1670 East 174th Street
Bronx, New York 10472

ON BEHALF OF SERVICE:
Irving A. Appleman
Appellate Trial Attorney

The special inquiry officer found the respondent deportable as charged and, in his opinion dated April 9, 1970, granted him the privilege of voluntary departure. Respondent appeals from that order. The appeal will be dismissed.

The record relates to a married male, a native and citizen of the Dominican Republic who was born May 23, 1946. The respondent was issued an immigrant visa as a special immigrant, the unmarried child of a native of the Western Hemisphere who is a lawful permanent resident, on December 15, 1966. The respondent was 20 years old and unmarried at the time. The respondent was married to a citizen of the Dominican Republic on January 19, 1967. On January 25, 1967 the respondent entered

the United States as an immigrant, using the visa referred to above.

The special inquiry officer noted that the respondent was not an unmarried child of a lawful permanent resident when he entered the United States. Therefore, the special inquiry officer concluded that the respondent was not entitled to that visa and was not exempt from the requirement that he present a labor certification. The special inquiry officer accordingly found the respondent deportable for lack of a labor certification.

The respondent's representative, during oral argument, raised for the first time the contention that the respondent, allegedly an electrician, would have been exempt from the labor certification requirement when he entered, because he could have qualified for the Precertification List (Schedule C). He claimed that the respondent was not fully questioned at time of entry, and that had he been given the opportunity, he could have shown himself qualified under Schedule C and therefore exempt from the labor certification requirement. We are aware that the respondent's visa application does indeed list his occupation as that of an electrician. However, the record contains nothing to indicate the respondent's qualifications, training or experience as an electrician. As we noted above, the respondent was only 20 years old at the time of his entry. There is no information in the record as the respondent's actual employment since entering the United States. All that the file contains is a copy of a job offer from a footwear company for hourly employment at no more than $2.00 an hour.

The respondent could not have benefited from the exemption from labor certification provided by Schedule C at the time he entered the United States on January 25, 1967. The provisions of Schedule C were added by 32 FR 867 of January 25, 1967, and went into effect only on February 1, 1967. Even if the provisions of Schedule C had been in effect at the time of his entry, the respondent would not automatically have received the benefit of Schedule C. That is, he would have been required to make the necessary application for a determination of whether (1) he qualified as an electrician under Schedule C and (2) whether his intended area of residence was within the geographical area covered by the exemption. See the version of 8 CFR 204.2(g) in effect at the time. He made no such application, either then or later. Consequently, we find this argument without effect and we agree with the special inquiry officer that the record contains evidence that is clear, convincing and unequivocal that the respondent is deportable as charged.

Therefore the appeal will be dismissed and the following order will be entered.

**ORDER:** The appeal is dismissed.

*It is further ordered* that the outstanding order of deportation be withdrawn and that the respondent be permitted to depart from the United States voluntarily within 30 days from the date of this order or any extension beyond that time as may be granted by the District Director; and that, in the event of failure so to depart, the respondent shall be deported as provided in the special inquiry officer's order.